NO. 07-06-0335-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 13, 2008

_____

ADRIAN BIERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410,709; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**DISSENTING OPINION**

While I agree with the majority conclusion that the trial court erred by failing to give an accomplice as a matter of fact instruction pertaining to the testimony of Stephanie Yzaguirre, I respectfully disagree with the majority conclusion that the omission was not harmless error. Because I would find such error harmless, I dissent.

A conviction cannot be had upon the testimony of an accomplice witness unless that testimony is "corroborated by other evidence tending to connect the defendant with the offense" committed.  Tex. Code Crim. Proc. art. 38.14 (Vernon 2005).  When the evidence raises a question of fact concerning whether or not a witness is an accomplice, the trial court must submit an accomplice witness instruction, and failure to do so is error.  *Oursbourn v. State,* 259 S.W.3d 159, 180 (Tex.Crim.App. 2008).  However, the failure to submit an accomplice witness as a matter of fact instruction may amount to harmless error if some non-accomplice evidence tends to connect the accused to the offense.   *Herron v. State,* 86 S.W.3d 621, 632 (Tex.Crim.App. 2002).

The harmless error analysis for the omission of an accomplice witness instruction should be flexible, taking into account the existence and strength of any non-accomplice evidence and the applicable standard of harm.  *Id.*  In determining the strength of a particular item of non-accomplice evidence, an appellate court must examine (1) its reliability or believability and (2) the strength of its tendency to connect the defendant to the crime.  *Id.*

When, as here, the error is properly preserved, a reversal is required if "some harm" is shown.  Under the "some harm" standard, the omission of an accomplice witness instruction is harmless if it does not affect the substantial rights of the appellant.  Tex. R. App. P. 44.2(b).  A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict.  *Russell v. State,* 113 S.W.3d

2

530, 549 (Tex.App.–Fort Worth 2003, pet. ref'd) (citing *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App. 1997)).

In order to determine whether the testimony of an accomplice witness tends to connect the defendant to the crime, an appellate court must disregard all accomplice witness testimony and instead focus solely upon the remaining non-accomplice witness evidence. *Munoz v. State,* 853 S.W.2d 558, 559 (Tex.Crim.App. 1993). It is not necessary that the non-accomplice evidence prove all the elements of the offense charged, nor is it necessary that the evidence directly link the defendant to the crime. *Gill v. State*, 873 S.W.2d 45, 48 (Tex.Crim.App. 1994). Although the non-accomplice evidence may be weak, if it fails to connect the defendant to the offense the evidence is insufficient to support a conviction. *Munoz,* 853 S.W.2d at 560. In evaluating the sufficiency of the non-accomplice evidence, each case must be considered on its own facts and circumstances, and only non-accomplice evidence presented to the jury may be considered. *Id.*

In the instant case, aside from the testimony of the accomplice witnesses, the State presented testimony from Adam Salazar, one of the Whataburger employees who was robbed, to the effect that he recognized the eyebrows and eyes of Appellant. While the strength of the tendency of this non-accomplice witness testimony to connect Appellant to the crime is great (such testimony is tantamount to an eye witness identification), it can be argued that the reliability or believability factor is weak. Where the evidence of a witness's status as an accomplice was tenuous (barely enough to support submission as an

accomplice as a matter of fact), the Court of Criminal Appeals has found error harmless under the "some harm" standard when the non-accomplice evidence consisted of eyewitness testimony connecting the defendant to the crime. *Medina v. State,* 7 S.W.3d 633 (Tex.Crim.App. 1999).

Having considered the non-accomplice evidence, the strength of its tendency to connect Appellant to the crime, its relative reliability, and the tenuous status of Yzaguirre as an accomplice witness, I remain convinced that the trial court's failure to submit an accomplice witness instruction as to Yzaguirre did not have a substantial and injurious effect or influence on the jury's verdict. Because I would find the error harmless, I would overrule Appellant's issue.

Patrick A. Pirtle
Justice

Publish.

4